UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JOSEPH HACKETT** | : | **CIVIL NO. 3:21-CV-00328 (VLB)** |
| **V.** | : | |
| **NICK RODRIGUEZ, ET AL.** | : | **DECEMBER 19, 2022** |

## JOINT TRIAL MEMORANDUM

1. **TRIAL COUNSEL**:

   **Plaintiff**:

   Alexander T. Taubes (#ct30100)
   470 James Street, Suite 007
   New Haven, CT 06513
   Tel: (203) 909-0048
   E-Mail: alextt@gmail.com

   **Defendants**:

   Edward Rowley (#ct30701)
   Janelle Medeiros (#ct30514)
   Assistant Attorneys General
   110 Sherman Street
   Hartford, CT 06105
   Tel:  (860) 808-5450
   E-Mail:  Edward.Rowley@ct.gov
             Janelle.Medeiros@ct.gov

2. **JURISDICTION**

   The plaintiff's claims raise a federal question because they arise out of an alleged violation of the plaintiff's rights under the Eighth Amendment to the United States Constitution, brought pursuant to 42 U.S.C. § 1983.

3. **JURY/NON-JURY**:

   This case is set to be tried to a jury, with jury selection currently scheduled for February 21, 2023.  (ECF No. 39).  No trial date has been set; however, the Court has indicated that the parties shall be prepared to present evidence on any day during the month after jury selection is scheduled to take place.  (*Id.*)

4. **LENGTH OF TRIAL:**

   **Presently, the parties anticipate that the trial will take approximately 5 to 7 days.**

5. **FURTHER PROCEEDINGS:**

   **Presently, the parties do not anticipate any further pre-trial proceedings.**

6. **NATURE OF CASE:**

   **Plaintiff's Position**: Plaintiff Joseph Hackett worked in the laundry shop at Osborn Correctional Institution. He asserts a deliberate indifference claim for DOC officials' failure to provide personal protective equipment to him and for their failure to protect him from COVID-19 exposure at Osborn.

   **Defendants' Position**: The plaintiff's sole remaining claim is an Eighth Amendment deliberate indifference to health/safety claim against defendants Rodriguez, Hines, Thibeault, Munroe, Blondin, and Perez, in their individual capacities for monetary damages, for their alleged deliberate indifference to the plaintiff's need for personal protective equipment ("PPE") and for failure to safeguard him from exposure to COVID-19. This claim arises from the plaintiff's confinement at the Osborn Correctional Institution ("Osborn") at the onset of the COVID-19 pandemic in March, April, and May 2020.

   The defendants emphatically deny that they were deliberately indifferent to the plaintiff's health or safety, and further deny that they deliberately failed to impose measures to safeguard the plaintiff from exposure to COVID-19. To the contrary, the defendants contend that they acted reasonably in implementing health and safety protocols at Osborn, including protocols recommended by the Center for Disease Control for correctional facilities, and that they implemented these protocols in consultation with the appropriate medical professionals, including DOC's Chief Medical Officer, as well as medical staff at Osborn. The defendants also deny that they deliberately refused to provide PPE to the plaintiff that was available at Osborn at the onset of the pandemic. The defendants further deny that they intentionally exposed

2

the plaintiff to COVID-19 or COVID positive inmates, or that they were aware that the plaintiff was being exposed to COVID-19 or COVID positive inmates.

The defendants further contend that the plaintiff cannot establish the personal involvement of certain defendants in his claims. Additionally, each of the defendants contend that they are entitled to qualified immunity.

7. **TRIAL BY MAGISTRATE JUDGE**:

The parties have not stipulated to a trial by magistrate judge.

8. **EVIDENCE**:

   A. **Witnesses**:

   **For the Plaintiff**:

   a. **The witnesses the plaintiff expects to call at trial**:

   Mr. Hackett will testify and will call 9 of his fellow laundry workers as witnesses (listed below). The content of the witnesses' testimony is contained within affidavits and declarations already submitted in connection with this case and related cases surrounding the treatment of the laundry workers at Osborn during the relevant time. Each of the witnesses is necessary because the defendants deny the content of conversations that each of the witnesses witnessed.

1. Bryant A. Browne (incarcerated, Osborn)
2. Sidney Wade (incarcerated, Osborn)
3. Ronald Brown (incarcerated, Osborn)
4. James Lee (incarcerated, Osborn)
5. Jeffrey Walker (incarcerated, Osborn)
6. Barry Guess (no longer incarcerated)
7. Braulio Galarza (incarcerated, Cybulski)
8. Christopher Nazario (incarcerated, Hartford CC)
9. Kashon Pearson (DOC custody, Watkinson House)

**Defendants' Objection**: The defendants would like to flag that they may, and reserve the right to, object to certain of the plaintiff's inmate witnesses on the grounds that certain testimony may be cumulative.

3

**For the Defendants:**

      a. **The witnesses the defendants expect to call at trial:**

1. **Nick Rodriguez, 1153 East Street South, Suffield, CT 06078. Mr. Rodriguez is a party to this case and will offer fact testimony about the issues in this case, including, but not limited to, his training, background, and experience, his actions, his interactions, if any, with the plaintiff, Osborn's implementation of COVID-19 health/safety protocols, and Osborn's communications with DOC's Central Office, DOC's Chief Medical Officer, and DOC medical staff concerning COVID-19 health/safety protocols and the movement and housing of inmates. Mr. Rodriguez will deny and defend against all allegations of wrongdoing. His direct testimony is anticipated to take approximately 2 hours.**

2. **Gerald Hines, 24 Wolcott Hill Road, Wethersfield, CT 06109. Mr. Hines is a party to this case and will offer fact testimony about the issues in this case, including, but not limited to, his training, background, and experience, his actions, his interactions, if any, with the plaintiff, Osborn's implementation of COVID-19 health/safety protocols, and Osborn's communications with DOC's Central Office, DOC's Chief Medical Officer, and DOC medical staff concerning COVID-19 health/safety protocols and the movement and housing of inmates. Mr. Hines will deny and defend against all allegations of wrongdoing. His direct testimony is anticipated to take approximately 1 hour.**

3. **Nicole Thibeault, 391 Shaker Road, Enfield, CT 06082. Ms. Thibeault is a party to this case and will offer fact testimony about the issues in this case, including, but not limited to, her training, background, and experience, her actions, her interactions, if any, with the plaintiff, Osborn's implementation of COVID-19 health/safety protocols, and Osborn's communications with DOC's Central Office, DOC's Chief Medical Officer, and DOC medical staff concerning COVID-19 health/safety protocols and the movement and housing of inmates. Ms. Thibeault will deny and defend against all allegations of wrongdoing. Her direct testimony is anticipated to take approximately 3 hours.**

4. **Daniel Perez, 285 Shaker Road, Enfield, CT 06082. Mr. Perez is a party to this case and will offer fact testimony about the issues in this case, including, but not limited to, his training, background, and experience, his actions, his interactions, if any, with the plaintiff, Osborn's implementation of COVID-19 health/safety protocols, and Osborn's communications with DOC's Central Office, DOC's Chief Medical Officer, and DOC medical staff concerning COVID-19 health/safety protocols and the movement and housing of inmates. Mr. Perez will deny and defend against all allegations of wrongdoing. His direct testimony is anticipated to take approximately 2 hours.**

5. **Ray Munroe, 335 Bilton Road, Somers, CT 06071. Mr. Munroe is a party to this case and will offer fact testimony about the issues in this case, including, but not limited to, his training, background, and experience, his actions, his interactions, if any, with the plaintiff, Osborn's implementation of COVID-19 health/safety protocols, including implementation of these protocols in the industry shops he supervised, and his communications with the Osborn administration and health services staff concerning COVID-19 health/safety protocols. Mr. Munroe will deny and defend against all allegations of wrongdoing. His direct testimony is anticipated to take approximately 2 hours.**

6. **Renee Blondin, 24 Wolcott Hill Road, Wethersfield, CT 06109. Ms. Blondin is a party to this case and will offer fact testimony about the issues in this case, including, but not limited to, her training, background, and experience, her actions, her interactions, if any, with the plaintiff, Osborn's implementation of COVID-19 health/safety protocols, including implementation of these protocols in the laundry shop, and Osborn's industry shop staff's communications with the Osborn administration and health services staff concerning COVID-19 health/safety protocols. Ms. Blondin will deny and defend against all allegations of wrongdoing. Her direct testimony is anticipated to take approximately 1 hour.**

7. **Dr. Byron Kennedy, MD, PhD, MPH, FACPM, 24 Wolcott Hill Road, Wethersfield, CT 06109.** Dr. Kennedy serves as DOC's Chief Medical Officer, a position he held during the events giving rise to the instant suit. He will offer fact testimony about the issues in this case, including, but not limited to, his background, training, and experience, DOC's response to the COVID-19 pandemic, including adoption and implementation of health/safety protocols, including measures recommended by the CDC for correctional facilities, his office's communications with facilities, including Osborn, concerning the health/safety protocols and updates to those protocols, the PPE available to DOC and DOC facilities during the relevant time, and the role that DOC health services staff and custody staff played in operationalizing and implementing these protocols. Dr. Kennedy's direct testimony is anticipated to take approximately 2 hours.

8. **Joseph Hackett, 335 Bilton Road, Somers, CT 06071.** Mr. Hackett is a party to this case and is expected to testify regarding his allegations against the defendants in this suit, including his actions and interactions, if any, with the defendants. His direct testimony is anticipated to take approximately 1 hour.

9. **Nikia Henderson, 285 Shaker Road, Enfield, CT 06082.** Ms. Henderson held the position of Nursing Supervisor at Osborn during the events giving rise to the instant suit. She will offer fact testimony about the issues in this case, including, but not limited to, her training, background, and experience, her actions, the role that medical staff played in the implementation of COVID-19 health/safety protocols at Osborn, the role that medical staff played in consulting with custody staff concerning the movement and housing of inmates at Osborn, as well as the procedures for testing, isolating, and/or quarantining inmates. Her direct testimony is anticipated to take approximately 1 hour.

10. **Brendan Irish, 1153 East Street South, Suffield, CT 06078.** Mr. Irish held the position of job classification counselor at Osborn during the events giving rise to the instant suit. He will offer fact testimony about the issues in this case,

6

including, but not limited to, his training, background, and experience, his actions, including his role in distributing surgical masks to the plaintiff and other laundry workers, the available PPE at Osborn, as well as the health and safety protocols implemented at Osborn. His direct testimony is anticipated to take less than 1 hour.

### b. The witnesses the defendants may call at trial:

11. Dr. Cary Freston, MD, CCHP, 24 Wolcott Hill Road, Wethersfield, CT 06109. Dr. Freston serves as DOC's Acting Regional Medical Director, a position he held during the events giving rise to the instant suit. If called, he will offer fact testimony concerning the issues in this case, including, but not limited to, his background, training, and experience, DOC's response to the COVID-19 pandemic, including the adoption and implementation of health/safety protocols, and the role that medical staff played in implementing these protocols. If called, Dr. Freston may also offer fact testimony concerning his review of the plaintiff's medical records during the relevant time to ascertain when, and how often, the plaintiff received medical care/attention after contracting COVID-19, as well as any symptoms or complaints, or lack thereof, documented in his health records. If called, Dr. Freston's direct testimony is anticipated to take approximately 1 hour.

12. Karen Martucci, 24 Wolcott Hill Road, Wethersfield, CT 06109. Ms. Martucci served as DOC's Director of External Affairs during the events giving rise to the instant suit. If called, she will testify as to her role in DOC's response to COVID-19, including, but not limited to, DOC's COVID-19 response, as well as her role in the preparation and maintenance of DOC's COVID-19 preparedness log. If called, Ms. Martucci's direct testimony is anticipated to take less than 1 hour.

13. DOC record keeper/custodian. If necessary, the defendants will call a DOC record keeper to offer testimony regarding the authenticity of any DOC reports, records, or other materials, which may be offered into evidence in the event

7

such reports, records, or materials are objected to or challenged on authenticity, chain of custody, or other similar grounds. Should this need arise, the record keeper's direct testimony is anticipated to take less than 30 minutes.

14. DOC medical record keeper/custodian. If necessary, the defendants will call a keeper of records of the plaintiff's DOC health records to offer testimony regarding the authenticity of certain records and entries in the plaintiff's DOC health records in the event such records are objected to. Should this need arise, the record keeper's direct testimony is anticipated to take less than 30 minutes.

15. The defendants reserve the right to call any of the individuals listed below, who were each DOC medical providers who made entries in the plaintiff's DOC health records as it relates to their interactions with, and the care provided to, the plaintiff during the relevant period. These individuals will only be called if there are objections to the plaintiff's DOC health records as an exhibit and/or the need arises to have such testimony. If called, it is anticipated that the direct testimony of each of these individuals will take approximately 15 minutes:
    a. Gabriela Bottino, LPN, 24 Wolcott Hill Road, Wethersfield, CT 06109
    b. Tessa Ortiz, LPN, 24 Wolcott Hill Road, Wethersfield, CT 06109
    c. April Sweet, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109
    d. Richard Matzko, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109
    e. Michelle Cyr, LPN, 24 Wolcott Hill Road, Wethersfield, CT 06109
    f. Amy Lenarz, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109
    g. Eliza Speakman, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109
    h. Brett Rosenberg, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109
    i. Walter LaPointe, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109
    j. Alexis Rae Losgar, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109
    k. Marie Charles, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109
    l. Prince Asmah, 24 Wolcott Hill Road, Wethersfield, CT 06109
    m. Rachael Geaglone, 24 Wolcott Hill Road, Wethersfield, CT 06109
    n. Edgar Decampos, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109

  o.  Michelle Britton, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109

  p.  David Guy, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109

  q.  Eileen Pereda, 24 Wolcott Hill Road, Wethersfield, CT 06109

  r.  Lashawn Cartwright, LPN, 24 Wolcott Hill Road, Wethersfield, CT 06109

  s.  Nakishia Vincent, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109

  t.  Heather McHugh, APRN, 24 Wolcott Hill Road, Wethersfield, CT 06109

  u.  Ellen Durko, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109

  v.  Fern Flood-Browne, RN, 24 Wolcott Hill Road, Wethersfield, CT 06109

**The defendants reserve the right to call any of the witnesses listed on the plaintiff's witness list. The defendants also reserve the right to call rebuttal witnesses.**

 **B. <u>Exhibits</u>**

- Plaintiff's list of exhibits is attached hereto as Attachment 1.
- Defendants' list of exhibits is attached hereto as Attachment 2.

 **C. <u>DEPOSITION TESTIMONY</u>:**
 None.

**9. <u>STIPULATIONS</u>:**

 **A. <u>Uncontroverted Facts</u>:**

  1. At all relevant times, Mr. Hackett was a sentenced inmate lawfully confined to the custody of the Connecticut Department of Correction.

  2. At all relevant times, the defendants were employed by the Connecticut Department of Correction. Specifically, Nick Rodriguez served as Warden of the Osborn Correctional Institution ("Osborn"), Nicole Thibeault and Gerald Hines served as Deputy Wardens at Osborn, Daniel Perez served as a Captain at Osborn, Ray Munroe served as a Correctional Enterprise Manager at Osborn, and Renee Blondin served as the supervisor of the Osborn laundry shop.

3. The State of Connecticut's first mask mandate, which required masks and social distancing in public places, was issued by Governor Ned Lamont on April 17, 2020, and took effect on April 20, 2020.

4. In May 2020, the Northern Correctional Institution ("Northern") was designated by the Connecticut Department of Correction as the facility to house inmates under medical isolation who tested positive for COVID-19.

5. Mr. Hackett tested positive for COVID-19 on or about May 6, 2020 while housed at Osborn.

6. On May 8, 2020, Mr. Hackett transferred from Osborn to Northern to remain under medical isolation due to testing positive for COVID-19.

7. None of the defendants in this case were assigned to, or worked at, Northern in May 2020.

8. Mr. Hackett was housed at Northern under medical isolation from May 8, 2020 until May 20, 2020, at which time he was cleared by medical staff to return to Osborn.

9. Mr. Hackett received daily COVID-19 assessments, twice per day, from medical staff throughout the duration of his stay at Northern under medical isolation.

10. While at Northern under medical isolation, Mr. Hackett regularly denied symptoms, did not complain of cough or shortness of breath, and no other complaints were noted by medical staff.

B. Proposed *Voir Dire* Questions
- The parties' requested *voir dire* questions are attached hereto as Attachment 3.

C. Proposed Jury Instructions
- The parties' proposed jury instructions are attached hereto as Attachment 4.

D. <u>**Proposed Joint Verdict Form**</u>

- The parties' proposed joint verdict form is attached hereto as Attachment 5.

E. <u>**Brief Description of Case & Parties**</u>

The instant action arises from events that occurred at the onset of the COVID-19 pandemic in March, April, and May 2020, while the plaintiff, Joseph Hackett, was a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC") and housed at the Osborn Correctional Institution ("Osborn") in Somers, CT. During the relevant time, Mr. Hackett was an inmate worker in the Osborn laundry shop. The defendants were each employees of the DOC during the relevant time, as Nick Rodriguez was the Warden of Osborn, Gerald Hines and Nicole Thibeault were Deputy Wardens at Osborn, Daniel Perez was a Captain at Osborn, Ray Munroe was a Correctional Enterprise Manager at Osborn, and Renee Blondin was the supervisor of Osborn's laundry shop.

In this case, Mr. Hackett asserts that the defendants violated his rights under the Eighth Amendment to the United States Constitution by being deliberately indifferent to his health and safety by allegedly failing to provide adequate personal protective equipment ("PPE") and failing to take adequate measures to protect him from exposure to COVID-19 at the onset of the pandemic in March, April, and May 2020. More specifically, Mr. Hackett claims that the defendants deliberately refused to provide him with certain PPE that he requested and that was allegedly available. Mr. Hackett further claims that defendants Thibeault and Perez were deliberately indifferent to his health and safety when they transferred him from Osborn's H-Block housing unit to Osborn's E-Block housing unit in April 2020. Specifically,

11

Mr. Hackett asserts that there were COVID positive inmates in E-Block at the time he was transferred and that defendants Thibeault and Perez were allegedly aware of this at the time of his transfer. Mr. Hackett seeks monetary damages.

The defendants deny Mr. Hackett's allegations and claims. The defendants deny that they ever deliberately refused to provide Mr. Hackett with PPE that was available to them during the relevant time, or that they deliberately withheld certain PPE from him. The defendants further maintain that Osborn implemented health and safety protocols to protect against the spread of COVID-19 and that such protocols were implemented at the direction of DOC's Chief Medical Officer and in consultation with DOC's health services staff. Finally, defendants Thibeault and Perez deny that there were COVID positive inmates in E-Block, or that they were aware of any such inmates, at the time the plaintiff transferred, and further maintain that they consulted with, and relied upon, medical staff in managing the housing and movement of inmates, including Mr. Hackett's transfer to E-Block.

10. **ANTICIPATED EVIDENTIARY PROBLEMS**:
- The parties do not anticipate any significant evidentiary problems. The defendants have lodged certain objections to the plaintiff's exhibits.
- Although not an evidentiary problem *per se,* the parties do wish to flag for the Court one issue concerning witnesses. Specifically, the plaintiff anticipates calling approximately 10 witnesses who are incarcerated within DOC. Given this large number of inmate witnesses, if they are all called to testify, it may present logistical issues for the Court regarding space in the lock-up area and transporting of these inmates to and from Court. The parties can work together, along with the Court, to set any necessary schedule in terms of order of witnesses to address any logistical issues posed.

                         **DEFENDANTS,**
                         **RODRIGUEZ, ET AL.**

                         **WILLIAM TONG**
                         **ATTORNEY GENERAL**

**BY:**          **/s/**
                **Edward D. Rowley (#ct30701)**
                **Janelle Medeiros (#ct30514)**
                **Assistant Attorneys General**
                **110 Sherman Street**
                **Hartford, CT 06105**
                **Tel: (860) 808-5450**
                **Fax: (860) 808-5591**
                **E-Mail: Edward.Rowley@ct.gov**
                          **Janelle.Medeiros@ct.gov**

                **PLAINTIFF,**
                **JOSEPH HACKETT**

**BY:**          **/s/**
                **Alexander T. Taubes, Esq.**
                **470 James Street, Suite 007**
                **New Haven, CT 06513**
                **alextt@gmail.com**
                **(203) 909-0048**
                **Bar id: ct 30100**

## CERTIFICATION

    I hereby certify that on December 19, 2022 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

                                **/s/**
                              **Edward D. Rowley**
                              **Assistant Attorney General**